IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THOMAS JONATHAN GARRISON | § | |
| | § | |
| v. | § | 2:12-CV-179 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION TO
DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant, THOMAS JONATHAN GARRISON, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth, the undersigned United States Magistrate Judge is of the opinion defendant is not entitled to relief and recommends the Motion to Vacate, Set Aside, or Correct Sentence be DENIED.

I.
PROCEDURAL BACKGROUND

On August 31, 2010, defendant THOMAS JONATHAN GARRISON was charged by indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). According to the indictment, on or about June 5, 2010, defendant Garrison, "having been convicted of a crime punishable by imprisonment for a term exceeding one year," was found in possession of a firearm. *United States v. Garrison*, No. 2:10-CR-043, "Indictment," doc. 1, pg. 1 (filed Aug. 31, 2010); "First Superseding Indictment," doc. 14, pg. 1 (filed Sept. 22, 2010). Defendant pled guilty and was sentenced to a seventy-six-month term of incarceration. *Id.*, "Judgment," doc. 54, pgs. 1-2, filed Jan. 12, 2011.

Defendant appealed, contending the Court's enhancement of his sentence based upon its interpretation of defendant's Texas convictions for evading arrest with a vehicle as crimes of violence was improper. *See United States v. Garrison*, No. 11-10105, 2011 WL 3630116, at *1 (5th Cir. Aug. 16, 2011). The conviction was affirmed on appeal, and the instant 28 U.S.C. § 2255 motion followed. *See id.*

## II.
## DEFENDANT'S ALLEGATIONS

In this motion to vacate, defendant Garrison contends, in a single ground of error, that "[t]he District Court erred in enhancing [his] sentence by use of a prior conviction for a Texas state jail felony as a prior conviction punishable for a term exceeding one year when Garrison received 6 months probation for this offense." ("Amended Motion Under 28 U.S.C. § 2255, doc. 4 [hereinafter Amended § 2255 Motion], pg. 6 (filed Sept. 12, 2012)). Citing the Fourth Circuit case of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Garrison contends his Texas conviction was improperly construed as an offense punishable by a term of incarceration exceeding one year because (according to defendant) his punishment was six months of probation.

Prior to discussing the merits of this allegation, the Court notes two things: (i) defendant is not challenging his felony conviction of felon in possession of a firearm and (ii) defendant does not present any contention of ineffective assistance of counsel[1] but rather explains "[t]he issue was not previously presented by Garrison's counsel on appeal because the SIMMONS case had not yet been decided. As such, the issue was not ripe for adjudication while Garrison's direct appeal was pending disposition." (Amended § 2255 Motion at 7).

---

[1] The Court notes defendant did present an ineffective assistance of counsel argument in the original pleading initiating this case. He appeared to change his course of argument, however, in the amended 28 U.S.C. § 2255 motion, as he abandoned any ineffective assistance of counsel claim in the amended motion.

III.
ANALYSIS

*A. Defendant's Sentence*

After defendant pled guilty, a Presentence Report was prepared. *Garrison*, 2:10-CR-043, "Presentence Report," prepared Nov. 22, 2010 [hereinafter PSR]. According to the report, defendant had three prior convictions out of the State of Texas:

1. A 2003 conviction for Evading Arrest/Detention with a Vehicle, for which defendant received two years of deferred adjudication probation;

2. A 2008 conviction for Evading Arrest with a Vehicle, for which defendant was sentenced to two years' imprisonment. The sentence was suspended and defendant was placed on four years of probation and fined $500; and

3. A 2009 conviction for possession of marijuana, for which defendant was sentenced to six days in jail and fined $300.

(*Id.* at 5-6). Defendant pled guilty in federal court to the charge that he "having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, a firearm." *Garrison*, 2:10-CR-043, Transcript of Oct. 1, 2010 Rearraignment Proceedings, doc. 63 [hereinafter Rearraignment], pgs. 4-5 (filed Feb. 28, 2011). Defendant indicated it was true he had unknowingly sold a stolen semiautomatic pistol capable of accepting a large-capacity magazine to an undercover police office. *Id.* at 11-12.

The sentencing range applicable to any defendant in federal court is determined by a combination of the severity of the federal crime (computed as a base offense level) and defendant's history as a recidivist (computed as a criminal history categorization). Defendant Garrison's base offense level was computed at 26 pursuant to section 2K2.1(a)(1) of the Sentencing Guidelines. PSR at 4. Under that section, if a felon is found in possession of a firearm the base offense level is 26 if

> (A) the offense involved a (i) semiautomatic firearm that is capable of accepting a large capacity magazine . . . and (B) the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Guidelines § 2K2.1 (a)(1) (Nov. 2010). Given the other adjustments to defendant's offense level for selling a stolen firearm and for defendant's acceptance of responsibility, defendant's total offense level was calculated at 25.

Criminal history categorization is computed by starting at a base level of 0. To that level, the court is to

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month;
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a);
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

*Id.* at § 4A1.1. Defendant Garrison's criminal history computation based upon his prior convictions put him at a score of 3, with specific reference to § 4A1.1(c) as the section of the Sentencing Guidelines upon which each point of enhancement was based. PSR at 5-6. There were an additional two points added to this score, however, because defendant committed the federal offense while he was on probation. *Id.* at 7; U.S.S.G. § 4A1.1(e). Consequently, defendant's criminal history score was a 5. PSR at 7.

Given an offense level of 25 and a criminal history categorization of 5, defendant's suggested sentencing range was between seventy and eighty-seven months' incarceration. *Id.* at 10. His sentence of seventy-six months' incarceration was within the lower portion of this range.

*B. Defendant's Appeal*

On direct appeal defendant challenged the Court's calculation of the base offense level, contending the Court incorrectly determined defendant's evading arrest with a vehicle offenses were crimes of violence. *Garrison*, 2011 WL 3630116 at *1. He did not present any challenge to the Court's computation of his criminal history score. *See id.*

*C. Sentencing Error Claims are not Cognizable in 28 U.S.C. § 2255 Motions*

Defendant complains the Court improperly enhanced his sentence. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995). Under well-established Fifth Circuit caselaw, the application of sentencing guidelines does not give rise to a constitutional issue. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Consequently, "[a] district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Defendant Garrison's motion should be denied because the alleged sentencing error upon which the motion is based is not a claim cognizable in 2255 proceedings. *See id.*

*D. Issue Not Presented on Appeal*

Additionally, this claim was not presented on direct appeal. A "collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 120 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). In order to present an issue for the first time in a 28 U.S.C. § 2255 motion, the defendant must first show cause for the default and prejudice resulting from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Otherwise, a claim that could have been properly

presented on direct appeal but was not is procedurally barred in a 28 U.S.C. § 2255 proceeding absent a cause and prejudice showing. *Id.*

A defendant can demonstrate cause for failing to present an argument on direct appeal upon a showing that "'some objective factor external to the defense prevented him from raising [the issue] on direct appeal." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992)). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.*

Defendant's claim is based on his criminal history category. Defendant complains his sentence was improperly enhanced when his prior state conviction, for which he only received six months' probation, was treated as a conviction punishable by a term of imprisonment exceeding one year.[2] Defendant bases his argument on the Fourth Circuit case of *United States v. Simmons*, decided after the Fifth Circuit ruled on defendant's appeal. 649 F.3d 237. In *Simmons*, the Fourth Circuit held a defendant's base offense level could not be enhanced based upon the punishment a defendant theoretically could have received for a state offense but instead must be based upon the punishment the defendant actually received. *Id.* at 243.

---

[2] Based upon information in the Presentence Report, it appears defendant received two years' deferred adjudication probation for the 2003 conviction of evading arrest with a vehicle; two years' imprisonment suspended and four years of probation and a fine for the 2008 conviction of evading arrest with a vehicle; and six days' incarceration and a fine for a 2009 conviction of possession of marijuana. PSR at 5-6. The information before the Court indicates there was no state court conviction for which defendant's punishment was six months' probation. Consequently, the Court is unable to pinpoint which conviction defendant contends was utilized as an improper enhancement when the state jail felony for which he received six months' probation was allegedly treated as a felony punishable for a term exceeding one year because it appears defendant never received a punishment of six months' probation.

Defendant has misstated the facts relating to the sentence determination. *None* of defendant's prior convictions were treated as a felony punishable for a term exceeding one year in computing his sentence. The Court looked to three prior state court convictions in computing defendant's criminal history: (1) a 2003 offense for evading arrest with a vehicle, (2) a 2008 offense for evading arrest with a vehicle, and (3) a 2009 offense for possession of marijuana. PSR at 5-6. Each of these prior convictions was assessed one criminal history point pursuant to § 4A1.1(c) of the Sentencing Guidelines, for a total criminal history score of 3 (before the two additional points for committing the offense while on probation were added). *Id.*

If defendant's representations in the instant motion were correct, his criminal history categorization would have been much higher. Under Texas law, the 2003 conviction for evading arrest with a vehicle would have been classified as a state jail felony, punishable by 180 days to two years of imprisonment. Tex. Pen. Code. Ann. §§ 12.34(a), 38.04(b)(1)(B). Because he had already obtained one conviction for evading arrest with a vehicle, defendant's 2008 conviction for the same offense would have been classified as a third degree felony, punishable by two to ten years' confinement. *Id.* §§ 12.35(a), 38.04(b)(2)(A). Regarding the marijuana conviction, without knowing the amount of marijuana defendant was found guilty of possessing, the Court assumes it was the lowest offense possible under state law, which is a Class B misdemeanor punishable by no more than 180 days' confinement. *Id.* § 12.22(2); Tex. Health & Saf. Code Ann. § 481.121(b)(1). If the Court had calculated defendant's sentence in the manner defendant contends it did, i.e. based upon defendant's *potential* sentences as opposed to his *actual* sentences, it would have at a minimum assessed defendant one point for the marijuana conviction, two points for the 2003 evading arrest conviction, and three points for the 2008 evading arrest conviction. *See* U.S.S.G. §

4A1.1. Adding the other two points defendant was assessed for committing the federal offense while on probation, defendant's criminal history score would have been 8, not 5.

Therefore, aside from the fact that *Simmons* was decided by the Fourth Circuit Court of Appeals and is not binding in this circuit, even if the *Simmons* case did impact defendant Garrison's case, defendant's sentence was still calculated according to the guidelines established in *Simmons*. Defendant has failed to show cause or prejudice because the argument upon which he bases the instant 28 U.S.C. § 2255 motion is factually inaccurate. Having failed to demonstrate cause or prejudice, the claims in this motion to vacate remain procedurally barred. Even if they were cognizable, they are without merit. *See Shaid*, 937 F.2d at 232.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the Motion to Vacate, Set Aside, or Correct Sentence filed by defendant THOMAS JONATHAN GARRISON be DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of June 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(c), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).